**Roberta OTTAVIANI, Individually and on behalf of all other persons similarly situated, Plaintiff,**

**and**

**Elinor Boice, Intervenor-Plaintiff-Appellant,**

**v.**

**STATE UNIVERSITY OF NEW YORK AT NEW PALTZ and Clifton R. Wharton, Jr., in his capacity as Chancellor of the State University of New York, Defendants-Appellees.**

**No. 985, Docket 80–7601.**

United States Court of Appeals, Second Circuit.

Argued April 9, 1981.

Decided April 16, 1981 *

Opinion April 29, 1981.

Caroline V. Rider, Weiner & Rider, Red Hook, N. Y., for plaintiff-appellant.

Patricia C. Armstrong, Asst. Atty. Gen., State of N. Y., New York City (Robert Abrams, Atty. Gen., State of N. Y., George D. Zuckerman, Asst. Sol. Gen., State of N. Y., New York City, of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, and LUMBARD and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Plaintiff-intervenor Elinor Boice appeals from an order of the United States District Court for the Southern District of New York, Mary Johnson Lowe, J., granting the motion of defendant-appellee State University of New York at New Paltz (SUNY) to reconsider and vacate an earlier motion allowing appellant Boice to intervene as a party plaintiff in the class action suit of Ottaviani v. SUNY. In granting defendant's motion, Judge Lowe stated that the district court was bound by the opinion of this court in *Sinicropi v. Nassau County*, 601 F.2d 60 (2d Cir.) (per curiam), *cert. denied*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979). We agree that that decision and our more recent opinion in *Kremer v. Chemical Construction Corp.*, 623 F.2d 786 (2d Cir. 1980), require the result reached by the district court. We realize that there is a split in authority in the circuits, ably brought to our attention by appellant's counsel, but we feel compelled to follow our own precedents.

The judgment of the district court is affirmed.

---

* This appeal was originally heard on April 9, 1981 and was decided by order, dated April 16, 1981. Such a summary disposition has no precedential value under our Local Rule § 0.23. However, counsel in the *Kremer* case referred to in the text of this opinion has informed us that he wishes to quote from the April 16 order in connection with a petition for certiorari in that case. Accordingly, we repeat the substance of our April 16 order in this per curiam opinion, which will be published.